```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

PHARMERICA, INC.,

      Plaintiff,
v.                                Case No. 8:11-cv-2017-T-33EAJ

EAGLE HEALTHCARE, INC., and PAYLESS
DRUG STORES, INC. a/k/a, Drug Long
Term Care Pharmacy,

      Defendants.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Plaintiff Pharmerica, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction (Doc. # 2), which was filed on September 6, 2011. For the reasons that follow, the Court grants the Motion for Temporary Restraining Order and refers the Motion for Preliminary Injunction to the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, for the issuance of a Report and Recommendation.

**Discussion**

On the basis of Pharmerica's Complaint (Doc. # 1), the declaration of Michael S. Cryan (Doc. # 3), and the affidavit of Robert Palumbo (Doc. # 4), this Court finds that Pharmerica has met its initial burden for the issuance of a Temporary Restraining Order, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.05, M.D. Fla., as follows:

1. The Court finds a reasonable likelihood that Pharmerica will succeed on the merits of its claims against Defendants.

2. The Court finds that Pharmerica has shown a meaningful risk of irreparable harm in the absence of a TRO. The injuries Pharmerica faces include (1) the unlawful termination of beneficial contracts to which it is a party and (2) that its competitor, Payless, will have access to its medications and medical equipment and may use such medications and equipment negligently, thus subjecting Pharmerica to risk of liability.

3. The public interest will be served by the issuance of a TRO.

4. This Order is being entered without prior notice to Defendants because the threatened injury is immediate and further delay could result in irreparable damage to Pharmerica.

Accordingly, this Court grants Pharmerica's Motion for Temporary Restraining Order. The Temporary Restraining Order is effective immediately and will remain in effect through and including September 20, 2011, at 5:00 p.m. Any motions for an enlargement of the TRO must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of Civil Procedure 65(b)(2).

Based on the unique facts of this case, the Court concludes that no security is required under Federal Rule of Civil

Procedure 65, at this point in the proceedings, especially since the purpose of the Motion is to maintain the status quo. See Johnston v. Tampa Sports Authority, 8:05-cv-2191, 2006 U.S. Dist. LEXIS 77614 (M.D. Fla. Oct. 16, 2006)("[T]he bond requirement of Rule 65(c) is appropriately waived in certain circumstances"). Should Defendants make a showing that security is appropriate for the issuance of further injunctive relief, this Court will give further consideration to the matter of security.

**During the pendency of the TRO:**

1. Eagle and its officers, directors, agents, servants, employees, assigns, subsidiaries, affiliates, attorneys, and any persons acting in concert or cooperation with them shall be and hereby are restrained from terminating the Pharmacy Services Agreements between Plaintiff and Eagle or treating these agreements as terminated until further order by the Court.

2. Defendant Payless and its officers, directors, agents, servants, employees, assigns, subsidiaries, affiliates, attorneys, and any persons acting in concert or cooperation with them shall be and hereby are restrained from interfering in any way with the Pharmacy Services Agreements between Plaintiff and Eagle until further order by the Court.

3. Defendants Eagle and Payless and their officers, directors,

agents, servants, employees, assigns, subsidiaries, affiliates, attorneys, and any persons acting in concert or cooperation with them shall be and hereby are restrained from using any and all medical, pharmaceutical or other equipment supplied by Plaintiff to Eagle for any purpose other than in connection to Eagle's use of Plaintiff's services and for no other purposes.

Plaintiff shall immediately provide by email, facsimile and regular mail a copy of this TRO to counsel for Defendants. The Court refers Plaintiff's motion for a preliminary injunction to the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, for the issuance of a Report and Recommendation.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Pharmerica, Inc.'s Motion for Temporary Restraining Order (Doc. # 2) is **GRANTED** consistent with the terms outlined above.

(2) The Temporary Restraining Order is effective immediately and will remain in effect through and including September 20, 2011, at 5:00 p.m., unless the TRO is extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

(3) Pharmerica shall immediately provide a copy of this Temporary Restraining Order to Defendants as outlined above.

(4) Pharmerica's request for a Preliminary Injunction (Doc. # 2), is hereby referred to the Honorable Elizabeth A. Jenkins, United States Magistrate Judge.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of September, 2011 at 2:30 p.m.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties of Record

5