**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PHARMERICA, INC.,

                Plaintiff,                Case No. 8:11-cv-2017-T-33EAJ

v.

EAGLE HEALTHCARE, INC., and PAYLESS
DRUG STORES, INC. a/k/a Payless Drug Long
Term Care Pharmacy,

                Defendants.
_____/

**ORDER**

This cause came before the Court for a regularly scheduled hearing on February 8, 2012, on the following motions:

1. Defendant PayLess Drug Stores, Inc.'s Amended Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 17);

2. Defendant Eagle Healthcare, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. 24); and

3. Plaintiff Pharmerica, Inc.'s Motion for Partial Summary Judgment (Doc. 55).

Appearances were as follows:

    Robert M. Hirsh, Arent Fox, PLLC, for the Plaintiff;

    Dennis A. Creed, III, Ford & Harrison, LLP, for Defendant Eagle Healthcare; and

    Lara J. Tibbals, Hill, Ward & Henderson, PA, and William L. Larkins, Jr., Larkins Vacura, LLP (by telephone), for Defendant PayLess.

The Court having heard oral argument from counsel for all parties and having reviewed the pleadings on file and the briefing and evidence presented by the parties, and

being fully advised in the premises, the Court finds and rules as follows:

1. On PayLess's Amended Motion to Dismiss, the Court finds that there appears to be a factual dispute regarding whether the Defendants engaged in conduct that satisfies the Florida Long Arm Statute, such that the Court will assume that the Long Arm Statute has been satisfied with regard to defendant PayLess. The Court further finds that PayLess is an Oregon company that does not do any business in Florida; that PayLess has not purposefully availed itself of the privilege of doing business in Florida, and has not invoked the benefits and protections of Florida law; that PayLess does not have minimum contacts with Florida; that Plaintiff has not demonstrated that tortious interference with contract has occurred to the extent that it would be appropriate for the Court to exercise jurisdiction over PayLess; and that virtually all of the witnesses and evidence regarding the claims by Plaintiff against PayLess are located in the Pacific Northwest. Based on these findings the Court further finds that for it to exercise personal jurisdiction over PayLess would not comport with due process, because PayLess did not have fair warning that it could be haled into court in Florida, and it would offend traditional notions of fair play and substantial justice for the Court to exercise personal jurisdiction over PayLess.

2. On Eagle Healthcare's Motion to Dismiss, the Court finds that there appears to be a factual dispute regarding whether the Defendants engaged in conduct that satisfies the Florida Long Arm Statute, such that the Court will assume that the Long Arm Statute has been satisfied with regard to defendant Eagle Healthcare. The Court further finds that Eagle Healthcare is a Washington company that does not do any business in Florida; that Eagle Healthcare has not purposefully availed itself of the privilege of doing business in Florida, and has not invoked the benefits and protections of Florida law; that Eagle Healthcare does not have minimum contacts with Florida; that Plaintiff has not demonstrated that if Eagle Healthcare has breached a contract the resulting harm occurred in Florida; and that virtually

all of the witnesses and evidence regarding the claims by Plaintiff against Eagle Healthcare are located in the Pacific Northwest.  Based on these findings the Court further finds that for it to exercise personal jurisdiction over Eagle Healthcare would not comport with due process, because Eagle Healthcare did not have fair warning that it could be haled into court in Florida, and it would offend traditional notions of fair play and substantial justice for the Court to exercise personal jurisdiction over Eagle Healthcare.

Now, therefore, based on the Court's findings as set forth herein and on the record in this action, it is accordingly,

**ORDERED, ADJUGED,** and **DECREED**

1. That PayLess's Amended Motion to Dismiss for Lack of Jurisdiction (Doc. 17) is **GRANTED.**

2. That Eagle Healthcare's Motion to Dismiss for Lack of Jurisdiction (Doc. 24) is **GRANTED**.

3. That in light of the Court's decision to grant PayLess's and Eagle Healthcare's respective Motions to Dismiss, the Court does not reach Pharmerica's Motion for Partial Summary Judgment (Doc. 55).

4. The Clerk is directed to terminate any pending motions and to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of February, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record