UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

PHARMERICA, INC.,

        Plaintiff,

vs.                              Case No. 8:11-cv-2017-T-33EAJ

EAGLE HEALTHCARE, INC., ET AL.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Pharmerica, Inc.'s Motion for Reconsideration (Doc. # 91), which was filed on March 6, 2012. Defendant Eagle Healthcare, Inc. filed its Response in Opposition to the Motion (Doc. # 93) on March 30, 2012. For the reasons that follow, the Court denies the Motion.

**I.**    **Legal Standard**

"A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar

Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308.

Further, as explained in Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *9-10 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11. (citation omitted).

## II. Background

Pharmerica, a Delaware corporation with its headquarters in Louisville, Kentucky, filed this action against Eagle and Payless on September 6, 2011. (Doc. # 1).[1] Pharmerica and Eagle entered into a series of ten Pharmacy Services

---

[1] This Court has since dismissed Payless, an Oregon company with no ties to Florida, for lack of personal jurisdiction. Pharmerica does not seek reconsideration of the Court's decision to dismiss Payless from this action.

Agreements between October 2004 and January 2006, covering skilled nursing care facilities administered by Eagle. Id. at ¶ 7. Those Agreements provided, inter alia, that Pharmerica would be the exclusive provider of pharmacy services, devices, medications, and health care production to Eagle's facilities. Id. at ¶ 8.

Eagle is in default under the terms of the Pharmacy Services Agreement: "[t]he approximate balance due and owing to Pharmerica including interest is not less than $2,070,707.07, plus additional interest, fees, and costs." Id. at ¶ 24. Eagle allegedly terminated the Pharmacy Services Agreements with Pharmerica and made arrangements to replace Pharmerica with Payless, one of Pharmerica's competitors. Id. at ¶ 35-36.

Pharmerica sues Eagle for breach of contract and conversion. Although Pharmerica makes a point to enumerate the amounts due from Eagle under the Pharmacy Services Agreement, Pharmerica does not appear to seek the amounts due and owing in its Complaint. In count one, for breach of contract, Pharmerica alleges that Eagle failed to provide 60 day's notice prior to terminating the Pharmacy Services Agreements, thereby breaching the Agreements. Likewise in count three, for conversion, Pharmerica alleges that "Eagle has taken possession and is retaining possession of the

Pharmerica equipment . . . at the Eagle Facilities without Pharmerica's approval, permission, or authorization." Id. at ¶ 63. In the Complaint, Pharmerica alleged that venue was proper because Eagle consented to jurisdiction in this district in the Pharmacy Services Agreements. Id. at ¶ 3.

Eagle filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 24) on September 13, 2011. In the Motion, Eagle represented, "Eagle has no record of payments ever having been made to any office in Tampa, Florida, and therefore, dispute any claim that there has been any misconduct by Eagle . . . against Pharmerica occurring within the State of Florida." Id. at ¶ 5. Eagle supported this argument with the declaration of its CEO Jeff Marshall (Doc. # 27 at ¶ 5).

This Court held an evidentiary hearing in this case on February 8, 2012. (Doc. # 80). During the hearing, Eagle admitted that Marshall's declaration statements were not accurate. Particularly, Eagle represented to the Court that it made payments to Florida until April 2009, when Pharmerica moved its headquarters to Louisville, Kentucky. (Doc. # 86 at 14). Eagle represented that it has had no contact with the forum state since 2009. Id.

After hearing from both sides, the Court dismissed Eagle due to lack of personal jurisdiction. Even though the Court

was initially thrown off by the contradicted Marshall affidavit, the Court was able to resolve the conflict and make a finding. Particularly, on February 21, 2012, the Court entered its Order dismissing Eagle for lack of personal jurisdiction. (Doc. # 89). Pharmerica seeks reconsideration of the Court's Order.

### III. **Analysis**

A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). On a motion to dismiss for lack of personal jurisdiction, such as the present one, the plaintiff bears the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant.

The determination of whether the court has personal jurisdiction over a defendant is governed by a two-part analysis. First, the court must determine whether the plaintiff has alleged facts sufficient to subject the defendant to Florida's long-arm statute. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)(citing Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996)).

Second, once it has determined that the long-arm statute is satisfied, the court must determine whether plaintiff's assertion of jurisdiction comports with the Constitution's requirements of Due Process and traditional notions of fair play and substantial justice. Sculptchair, Inc., 94 F.3d at 626 (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).

Here, the Court assumed that the Florida long-arm statute had been satisfied. However, the Court ruled that the second prong of the analysis was not satisfied such that it would violate Due Process and likewise would offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over Eagle. The Court determined:

> Eagle Healthcare is a Washington company that does not do any business in Florida; that Eagle Healthcare has not purposefully availed itself of the privilege of doing business in Florida, and has not invoked the benefits and protections of Florida law; that Eagle Healthcare does not have minimum contacts with Florida; that Plaintiff has not demonstrated that if Eagle Healthcare has breached a contract the resulting harm occurred in Florida; and that virtually all of the witnesses and evidence regarding the claims by Plaintiff against Eagle Healthcare are located in the Pacific Northwest.

(Doc. # 89 at 2-3).

At this juncture, Pharmerica argues that reconsideration is needed to correct a legal error. Specifically, Pharmerica asserts that the Court erred in dismissing Eagle based on lack

of personal jurisdiction because the Pharmacy Services Agreements contain the following language:

> All amounts due to [Pharmerica] pursuant to this Agreement shall be deemed to be due and payable at [Pharmerica's] corporate headquarters in Tampa, Florida, and [Eagle] consents to the jurisdiction of the appropriate State or Federal Court sitting in the City of Tampa, Florida respecting any legal action by [Pharmerica] for the collection of such amounts. This provision does not preclude either party from bringing a legal action in any other Court having jurisdiction over the parties.

(Doc. # 54-1 at 5).

The Court has given careful consideration to Pharmerica's arguments and finds them lacking in merit. To the extent Pharmerica argues that Eagle "consented to the jurisdiction of Federal courts in Tampa, Florida with respect to actions for collections of unpaid amounts due under the [Pharmacy Services Agreements]," the Court finds that the Complaint does not seek damages for amounts due and owing under the Pharmacy Services Agreements. (Doc. # 91 at 5). The breach of contract count seeks redress for termination of the contract without proper notice. Likewise, the conversion count relates to Eagle's use of Pharmerica's supplies in Eagle's facilities. However, even if the Complaint can be read to seek amounts due and owing under the Pharmacy Services Agreements, the Court determines that the aforementioned forum selection clause is a permissive

forum selection clause, and is thus insufficient to confer personal jurisdiction over Eagle.

In addition, language in the Pharmacy Services Agreement indicating that payments pursuant to such Agreements are deemed due and payable to Pharmerica's corporate headquarters in Tampa, Florida, does not confer personal jurisdiction over Eagle. The facts show that Eagle made its payments to Pharmerica in Tampa, Florida, prior to April 2009, when Pharmerica was headquartered in Tampa, Florida. Thereafter, Pharmerica moved its headquarters to Kentucky. These payments, and the language in the Agreements concerning such payments, do not provide a basis for satisfying the second prong of the jurisdictional analysis. The Complaint alleges a breach of the Pharmacy Services Agreements in 2011. Eagle's payments to Tampa, Florida, in early 2009 do not provide a basis for suing Eagle in Tampa, Florida, for a breach of contract in 2011.

Having considered all of the evidence and the arguments presented, the Court found that it would violate Due Process rights and offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over Eagle. Nothing in the Motion for Reconsideration causes the Court to retreat from this position.

Eagle is a Washington company that does not do any business in Florida, has not availed itself of the benefits and protections of Florida law, and does not have minimum contacts with Florida. In addition, the bulk of the evidence and witnesses regarding the claims by Pharmerica against Eagle are located in the Pacific Northwest. Accordingly, as stated during the February 8, 2012, hearing and as summarized in the Court's February 21, 2012, Order (Doc. # 89), the Court finds that it lacks personal jurisdiction over Eagle and denies the Motion for Reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Pharmerica, Inc.'s Motion for Reconsideration (Doc. # 91) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of April, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record